UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80157-CIV-RYSKAMP/VITUNAC

IN RE: ADLER, COLEMAN CLEARING
CORP.,

    Debtor.
_____/

EDWIN B. MISHKIN, as SIPA Trustee
for the Liquidation of the business of
Adler, Coleman Clearing Corp.,

    Plaintiff,

vs.

JEANNINE GURIAN, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court upon Philip Gurian, Jeannine Gurian, Rheal Cote, and Benil Finance Limited's Motion for Reconsideration **[DE 300]** filed on January 18, 2008. Barbara Knight and Lolly Lu LLC joined that motion **[DE 301]** and also filed an additional Motion to Reconsider **[DE 302, 305]** on January 21, 2008. Plaintiff filed a joint response to both motions **[DE 313]** on February 4, 2008. Knight and Lolly Lu replied **[DE 315]** on February 13, 2008. The motions are now ripe for consideration.

The above parties argue that this Court should reconsider its decision denying a motion to dismiss for lack of subject matter jurisdiction **[DE 215]**. In that motion, the movants argued that this Court lacked jurisdiction to enforce a valid judgment, essentially, because it was filed under a

different case number also before this Court. This Court denied the motion stating that the movant's argument was highly technical and that the fact that the registration was filed under a new case number that was consolidated into a sister action to this suit was irrelevant.

In the instant motion, movants mischaracterize this Court's prior Order. That Order did not find the question of whether subject matter exists technical or irrelevant, but rather the movants' argument attempting to evade this Court's jurisdiction. In other words, this Court considered and assessed, based on the law and on the motions, whether subject matter jurisdiction exists. This Court concluded that it does have subject matter jurisdiction. Movants now request that this Court reconsider that decision.

A motion for reconsideration with respect to a final judgment shall be construed as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it is filed no later than ten days after the entry of the judgment; otherwise, it would fall within Rule 60(b), which provides relief from a judgment or order. *See Sussman v. Salem, Saxon and Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). In the present case, the motions for reconsideration were filed within ten days after the entry of judgment and therefore fall within the ambit of Rule 59(e).

**Reconsideration Under Rule 59(e)**

While Rule 60(b) sets forth particular grounds upon which a party may seek relief, the district court has wide discretion under Rule 59(e) in reconsidering an issue. *See id.* (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Reconsideration is justified when one of three grounds exists: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Id.* Any litigant considering bringing a motion to reconsider based upon the third ground "should evaluate whether

what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *SEC v. Seahawk Deep Ocean Tech., Inc.*, 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999) (citation omitted).

The moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman,* 153 F.R.D. at 694.  A motion for reconsideration should not be used as a vehicle to reiterate arguments previously made or to present issues or cite authorities the party should have presented prior to the court's ruling.  *See Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171, 106 S. Ct. 2895 (1986)); *see also Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996) (stating that the motion should not be used to rehash arguments previously made and rejected).  A party should not use the motion to reconsider to request that the Court rethink "what it already thought through – rightly, or wrongly[.]" *Id*. (citations omitted).  "The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Godby v. Electrolux Corp.*, 1994 WL 470220 at *1 (N.D. Ga. 1994) (citation omitted).

A motion for reconsideration should be used in order to prevent manifest injustice; nevertheless, it is an extreme measure, and substantial discretion rests with the court in granting such a motion.  *e.g.*, *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

In light of the fact that movants have neither presented an intervening change in controlling law nor the availability of new evidence, and considering that the Court does not see the need to

correct clear error or prevent manifest injustice, the motion for reconsideration is denied.

**Interlocutory Appeal and Stay**

Generally, courts of appeal only have jurisdiction over cases where a final judgement has been entered by the district court. This general rule, however, has exceptions; one such exception is when a district court certifies that a non-final order "involves [1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, the statute provides three areas of inquiry that a district court must under take when deciding whether interlocutory appeal is appropriate. *Simpson v. Carolina Builders Corp.*, 22 Fed. Appx. 924, 925 (11th Cir. 2007).

A controlling issue of law occurs when the meaning of a statute, constitutional provision, regulation or common law is at issue. *Id* at 1258. District courts should only certify abstract legal issues that the appeals court can quickly decide without having to heavily rely on the factual record. *Id*. Substantial ground for difference of opinion exists where the district court and appeals court must not be in "complete and unequivocal" agreement. *Id*. A case is materially advanced where the "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten litigation." *McFarlin* at 1259.

This type of review is only permitted in exceptional cases where decision by the appeals court may avoid protracted and expensive litigation and where a ruling on the issue presented would be dispositive of the case and that it is debatable regarding which party should prevail. *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1253 (11th Cir. 2004). This is because permitting piecemeal litigation is bad policy and thus, liberal use of interlocutory appeal is bad policy. *Id*. at 1259. The

party seeking interlocutory review has the burden to establish each of the three elements. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978).

Based on the above requirements, this Court does not agree that granting interlocutory appeal is appropriate. This Court believes that the court of appeals would be in "complete and unequivocal" agreement with its original decision on this issue.[1] Nonetheless, to quell movants concerns regarding this issue, this Court will consolidate all of these matters into the 06-80157 case. Thus, there should no longer be any issue as to whether or not this Court has subject matter jurisdiction over these claims. Accordingly, Knight and Lolly Lu's motion for stay is also denied.

After review of the above motion in light of the record, it is hereby,

ORDERED and ADJUDGED that the Motions for Reconsideration **[DE 300, 301, 302, 305]** are DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 5 day of March, 2008.

    /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record

---

[1] Moreover, this Court also rejects Knight and Lolly Lu's argument that they would be severely prejudiced without the imposition of a stay and that Plaintiff would suffer no harm if the stay is granted. Knight and Lolly Lu argue that the mortgages in the agreement secure any payments owed under the agreement. Thus, if this Court declines to impose a stay, "and the Lolly Lu office space and Knight home are sold to pay the Settlement Agreement, the Lolly Lu Witnesses will lose their property and not be able to get it back." The Settlement Agreement, however, calls for Knight and Lolly Lu to pay Plaintiff $ 600,000 and the mortgages merely secure that payment. Thus, the only way that Knight and Lolly Lu would be irreparably damaged is if they fail to pay the $600,000 that they promised. Whether Knight and Lolly Lu abide by the Settlement Agreement by producing the cash, or by forfeiting the property, is their choice, and their choice alone.